### NEW LONDON COUNTY, SEPTEMBER TERM, 1789.

#### MAPLES AND MONROE V. PECK.

In an action by an officer, for goods taken in execution, upon a special undertaking of the defendant to keep and redeliver them; it is not necessary to aver that he posted them, nor that the judgment remains in force unsatisfied.

ERROR.   Peck was an officer, had an execution in favor of Marcia Maples against said Monroe and others to serve and collect — he levied it on some cattle, the property of Monroe, and was about to post them, and upon the request of the defendants he delivered said cattle to them to keep, and took their promise in writing to deliver them to him on the day of          upon his demand, as by said receipt or writing, etc.   That they never delivered said cattle, although specially demanded on said day; whereby he is become liable to pay said execution, to his damage £90.   Demurrer.   Judgment of the Common Pleas — That the declaration was sufficient.

Errors assigned were — 1st. It appears that the cattle were the property of Monroe, one of the defendants; and it doth not appear that said Peck ever posted said cattle as the law directs.   2d. There is no averment in the declaration that said judgment and execution remain unpaid and unreversed. Plea — Nothing erroneous.

Judgment — That there is nothing erroneous in the judgment complained of.

By the COURT.   The action is brought upon a special undertaking and promise.   The presumption is, that the officer has done his duty, unless the contrary is averred.   The allegations supposed to be wanting in the declaration, are not necessary; and if the defendants would avail themselves of them, they ought to have plead the payment or reversal in bar, and that the goods were returned to the owner.   Same point adjudged in an action brought by Hartshorn, an officer, upon a receipt for a horse taken on execution, against Halsey, at New London, September 1784.

This judgment was affirmed in the Supreme Court of Errors.